**TOM PETRUS & MILLER LLLC**

MICHAEL D. TOM                          1655-0
mtom@tpm-hawaii.com
Tel: (808) 792-5802
ASHLEY R. SHIBUYA                       10200-0
ashibuya@tpm-hawaii.com
Tel (808) 792-5804
Finance Factors Center, Suite 650
1164 Bishop Street
Honolulu, Hawaii 96813
Facsimile: (808) 792-5809

Attorney for Plaintiff
FERRARI FINANCIAL SERVICES, INC.

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FERRARI FINANCIAL SERVICES, INC.,<br><br>                    Plaintiff,<br><br>     vs.<br><br>JASON YOKOYAMA; DOE DEFENDANTS 1-10,<br><br>                    Defendant. | CASE NO._____<br>(Contract)<br><br>VERIFIED COMPLAINT;<br>VERIFICATION OF COMPLAINT;<br>EXHIBITS A – C |

**<u>VERIFIED COMPLAINT</u>**

Plaintiff FERRARI FINANCIAL SERVICES, INC. ("Plaintiff"), by and through its attorneys, TOM PETRUS & MILLER, LLLC, hereby alleges and avers as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is and was, at all relevant times herein, a corporation duly organized under the laws of the State of Delaware with its principal place of business in Englewood Cliffs, New Jersey.

2. Upon information and belief, Defendant JASON YOKOYAMA ("Yokoyama") is and was, at all relevant times herein, a resident of the City and County of Honolulu, State of Hawaii.

3. Doe Defendants 1 – 10 are persons, corporations, companies, and partnerships (collectively, "Doe Defendants") sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they are connected in some manner with Yokoyama, or were the agents, principles, partners, officers, directors, servants, employees, employers, co-conspirators, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, insurers, owners, guarantors, assignees, assignors, licensees, or licensors of Yokoyama, and, in some manner presently unknown to Plaintiff, responsible in some manner for the acts, omissions, or indebtedness herein alleged and are indebted to Plaintiff as herein set forth.

4. Plaintiff brings this action pursuant to 28 U.S.C. § 1332, Rule 64 of the Federal Rules of Civil Procedure, and Chapter 654 of the Hawaii Revised Statutes ("HRS"), asking this Court to determine, as a matter of law, that

Yokoyama is in material breach of the subject contract, described more fully below, thereby entitling Plaintiff to pursue any and all remedies as provided for in the parties' contract, including, but not limited to repossession of the subject vehicle.

5. There is complete diversity of citizenship between the parties, and the amount in controversy herein exceeds $75,000.00.

6. All or a substantial portion of the acts and events giving rise to this Action occurred within the City and County of Honolulu, State of Hawaii.

7. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## COUNT I – BREACH OF CONTRACT

8. On or about November 13, 2015, Yokoyama executed the Credit Sale Contract (the "Contract") with Plaintiff's predecessor-in-interest, JN Group, Inc. ("JN"), in the amount of $168,417.78 (the "Financed Amount") to finance the purchase of a yellow 2014 Lamborghini Gallardo, Vehicle Identification Number ZHWGU5AUZELA13782 (the "Vehicle"). A true and correct copy of the Contract is attached hereto as Exhibit A and is incorporated by reference as though fully set forth herein.

9. Under the terms of the Contract, Yokoyama borrowed and agreed to pay JN the Financed Amount with interest at 5.99% per annum by remitting

monthly payments to JN in the amount of $2,465.67, commencing on December 28, 2015 and continuing monthly until paid in full.

    10.    To secure repayment of the Financed Amount, Yokoyama granted to JN a security interest in the Vehicle. A true and correct copy of the Hawaii Certificate of Title is attached hereto as Exhibit B and incorporated herein by reference.

    11.    On or about November 13, 2015, upon JN's execution of the Contract, JN assigned all of its rights and interests in the Contract and Vehicle to Plaintiff. Plaintiff's security interest is reflected in the Certificate of Title, attached hereto as Exhibit B.

    12.    The essential terms of the Contract provide that in the event that Yokoyama fails to remit said monthly payments, Plaintiff has the right, pursuant to the terms of the Contract, to take possession of the Vehicle. Upon Plaintiff's repossession of the vehicle and Yokoyama's failure to redeem, the Contract provides that Plaintiff is permitted to sell the Vehicle and apply the net proceeds of the sale, which will be determined by subtracting the price for which the Vehicle was sold any expenses incurred for taking possession and other allowable fees and costs, to the unpaid balance of the Financed Amount.

    13.    Plaintiff has performed all the conditions, covenants, and promises required of it under the terms of the Contract, attached as Exhibit A hereto.

14. Pursuant to the terms of the Contract, Yokoyama was required to make the required monthly payment on or before December 28, 2017.

15. Yokoyama's required monthly payments have only been paid through November 28, 2017, and he is currently in default under the Contract. Despite Plaintiff's demand for the same, Yokoyama has refused to cure his default.

16. As a result of Yokoyama's default, described above, the principal sum of $132,348.38 is due and payable to Plaintiff from Yokoyama, together with interest at the agreed upon rate of 5.99% per annum from the date of default, late fees, collection costs, and other charges as properly recoverable under the Contract.

17. Pursuant to the Contract, Yokoyama agreed to pay, and is thus liable for, all court costs and reasonable attorneys' fees incurred by Plaintiff in the enforcement of the Contract.

18. Further, the Contract provides that if Yokoyama defaults in the performance of his obligations under the Agreement, Plaintiff may repossess the Vehicle, sell the same, and recover the remaining deficiency, if any, from Yokoyama.

## COUNT II – REPLEVIN

19. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 to 18 of this Complaint as though fully set forth herein.

20. To the best of Plaintiff's knowledge and belief, Yokoyama remains in possession and/or control of the Vehicle, to which Plaintiff holds a valid and enforceable security interest. Plaintiff has not been informed of any circumstance depriving Yokoyama of possession of the Vehicle.

21. As a result of Yokoyama's default, described above, and pursuant to the terms of the Contract, Plaintiff is entitled to immediate possession of the Vehicle, which is specifically described by description and value in Exhibit A.

22. Based on the Kelly Blue Book, Plaintiff is informed and believes that the value of the Vehicle is approximately $136,500.00. A true and correct copy of the Kelly Blue Book valuation is attached hereto as Exhibit C.

23. Upon information and belief, the Vehicle has not been taken for a tax assessment or fine pursuant to a statute, or seized under an execution or attachment against Plaintiff or Plaintiff's property.

24. Upon information and belief, the Vehicle may be located at 98-1308 Akaaka Street, Aiea, Hawaii 96701, the address Yokoyama used at the time he purchased the Vehicle.

25. To the best of Plaintiff's knowledge and belief, all persons or entities known to Plaintiff as having or claiming or who may have or claim to have an interest in or possession of the Vehicle have been joined as a defendant in this Action.

26. Based on the foregoing, Plaintiff is entitled to immediate possession of the Vehicle.

27. Based on the foregoing, and pursuant to HRS Chapter 654, Plaintiff seeks the immediate delivery of the Vehicle described herein.

28. Pursuant to HRS § 654-2, the Court should give immediate consideration, ex parte or otherwise, as in its discretion, to determine that Plaintiff is entitled to immediate delivery of the Vehicle.

29. Pursuant to HRS § 654-2, Plaintiff is ready and able to post a bond as may be ordered by the Court.

30. Pursuant to HRS § 654-7, the Court should enter a final judgment in Plaintiff's favor and against Yokoyama for damages resulting from Yokoyama's detention of the Vehicle.

## COUNT III – CONVERSION

31. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 to 30 of this Complaint as though fully set forth herein.

32. Upon Yokoyama's default under the Contract, Plaintiff was, and is, entitled to immediate possession of the Vehicle as described in the Contract.

33. As a result of Yokoyama's default, Plaintiff has demanded that Yokoyama deliver up possession of the Vehicle to Plaintiff.

34. Based on the Kelly Blue Book, Plaintiff is informed and believes that the value of the Vehicle is approximately $136,500.00. A true and correct copy of the Kelly Blue Book valuation is attached hereto as Exhibit C.

35. Yokoyama has refused to deliver the Vehicle to Plaintiff and has converted the vehicle to his own use and benefit.

36. The aforementioned conduct of Yokoyama in converting Plaintiff's property was done with the intent to deprive Plaintiff of property and legal rights or otherwise cause injury. As a result thereof, Plaintiff has been damaged to the extent of the present value of the Vehicle and in the amounts expended by Plaintiff in seeking the return of the Vehicle, all in amounts to be proven at trial.

## COUNT IV – MONEY LENT

37. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 to 36 of this Complaint as though fully set forth herein.

38. Pursuant to the Contract, Yokoyama became indebted to Plaintiff in the sum of the Financed Amount for money lent by Plaintiff to Yokoyama, who requested that the Financed Amount be lent to him for the purchase of the Vehicle.

39. The balance of the Financed Amount, totaling $132,348.38, has not been paid, despite Plaintiff's demand for the same as a result of Yokoyama's default.

40. There is now due, owing, and payable to Plaintiff from Yokoyama the sum of $132,348.38, together with accrued interest thereon at the rate provided for in the Contract from the date of Yokoyama's default.

WHEREFORE, Plaintiff prays for relief as follows:

## AS TO THE FIRST CAUSE OF ACTION:

A. For the principal sum of $132,348.38, together with late fees, repossession fees, any and all other fees and costs properly recoverable under the Contract, and interest thereon at the Contract rate of 5.99% per annum from the date of default;

## AS TO THE SECOND CAUSE OF ACTION:

B. For immediate possession of the Vehicle, more particularly described in Exhibit A;

C. For damages pursuant to HRS § 654-7;

## AS TO THE THIRD CAUSE OF ACTION:

D. For the reasonable value of the Vehicle, more particularly described in Exhibit A, which has been determined to be at least approximately $136,500.00;

E. For general, consequential, and compensatory damages in amounts to be proven at trial;

### AS TO THE FOURTH CAUSE OF ACTION:

F.  For the principal sum of $132,348.38, together with interest thereon at the Contract rate of 5.99% per annum from the date of default;

### AS TO ALL CAUSES OF ACTION:

G.  For costs and reasonable attorneys' fees pursuant to the Contract and HRS § 607-14;

H.  For other and further relief as the Court deems just and appropriate;

DATED: Honolulu, Hawaii, April 13, 2018.

/s/ Ashley R. Shibuya
MICHAEL D. TOM
ASHLEY R. SHIBUYA

Attorneys for Plaintiff
FERRARI FINANCIAL SERVICES, INC.