IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FERRARI FINANCIAL SERVICES, INC., | ) ) ) | CIVIL NO. 18-00136 JAO-RLP |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF FERRARI FINANCIAL |
| vs. | ) ) | SERVICES, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST |
| JASON YOKOYAMA; SEN MING LIN a.k.a. SAM LIN; AUTO X-CHANGE, INC., ET AL., | ) ) ) ) | DEFENDANTS SEN MING LIN a.k.a. SAM LIN AND AUTO X-CHANGE, INC. |
| Defendants. | ) ) ) | |

FINDINGS AND RECOMMENDATION TO DENY WITHOUT
PREJUDICE PLAINTIFF FERRARI FINANCIAL SERVICES, INC.'S
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS SEN
MING LIN a.k.a. SAM LIN AND AUTO X-CHANGE, INC.[1]

Before the Court is Plaintiff Ferrari Financial Service, Inc.'s Motion for Default Judgment Against Defendants Sen Ming Lin a.k.a. Sam Lin and Auto X-Change, Inc., filed August 3, 2018. ECF No. 26. Defendant Jason Yokoyama filed a Statement of No Position on August 8, 2018. ECF No. 28. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 22. After

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

careful consideration of the Motion and the record in this action, the Court FINDS AND RECOMMENDS that the Motion be DENIED.

## BACKGROUND

Plaintiff filed this action against Defendants alleging various causes of action related to the purchase and financing of a 2014 Lamborghini Gallardo in 2015 by Defendant Jason Yokoyama. ECF No. 11.  In the First Amended Complaint, Plaintiff alleges that it entered into a contract in the amount of $168,417.78 with Defendant Yokoyama to finance the vehicle purchase (the "Contract").  Id. ¶¶ 10, 15.  Plaintiff alleges Defendant Yokoyama granted Plaintiff a security interest in the vehicle to secure repayment.  Id. ¶ 12.  Plaintiff alleges if Defendant Yokoyama fails to make payments under the Contract, the Contract allows Plaintiff to take possession of and to sell the vehicle. Id. ¶ 14.  Plaintiff alleges that Defendant Yokoyama is in default under the Contract because he failed to make payments after January 2018.  Id. ¶ 16.

Plaintiff alleges that Defendant Yokoyama transferred possession of the vehicle to Defendant Auto X-Change, Inc. and/or Defendant Sen Ming Lin pursuant to an agreement.  Id. ¶ 21. Plaintiff alleges that Defendant Auto X-Change and/or Defendant Lin and/or Defendant Yokoyama remain in possession of the vehicle.  Id. ¶¶ 22, 27, 38.  Plaintiff alleges that it has demanded that Defendant Yokoyama, Defendant Auto X-Change, and

Defendant Lin deliver possession of the vehicle to Plaintiff, but Defendants have refused. Id. 36-37, 39-40.

Plaintiff asserts claims for breach of contract and money lent against only Defendant Yokoyama. Id. ¶¶ 10-19, 43-46. Plaintiff asserts claims for replevin and conversion against all Defendants. Id. ¶¶ 20-42.

Defendant Yokoyama filed his Answer to the First Amended Complaint on May 30, 2018. In his Answer, he denies the allegations related to all of the claims asserted against him, including the claims for replevin and conversion. See ECF No. 16 ¶¶ 1, 4, 6-9. Further, Defendant Yokoyama asserts several affirmative defenses including unclean hands, waiver, statute of limitations, estoppel, and several contract defenses. Id. at 3-5. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against Defendant Auto X-Change and Defendant Lin on June 27, 2018, and July 13, 2018. ECF No. 19, 22. Trial has been set in this action for August 20, 2019. ECF No. 29.

In the present Motion, Plaintiff asks the Court to grant default judgment against Defendant Auto X-Change and Defendant Lin and to enter judgment pursuant to Rule 54(b) awarding Plaintiff immediate possession of the vehicle. ECF No. 26 at 12-13.

ANALYSIS

The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment: (1) the possibility of prejudice to the moving party; (2) the merits of the substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations regarding liability are deemed true, but the moving party must establish the relief

to which it is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Federal Rule of Civil Procedure 54(b) specifies that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay."

Here, the Court finds that default judgment is premature and should not be entered until Plaintiff's claims against Defendant Yokohama have been adjudicated.  See Valvanis v. Milgroom, No. CIV.06-00144JMS-KSC, 2008 WL 2150952, at *2 (D. Haw. May 20, 2008) (denying motion for default judgment against one defendant as premature based on related pending claims against the remaining defendant).  As noted above, Plaintiff seeks default judgment against Defendant Auto X-Change and Defendant Lin on the claims for replevin and conversion, even though its claims for breach of contract, replevin, conversion, and money lent remain pending against Defendant Yokoyama.

The Ninth Circuit has held that "where a complaint alleges that defendants are jointly liable and one of them

defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow v. De La Vega, 82 U.S. 552, 554 (1872)).  Further, the Ninth Circuit has held that this reasoning is not limited to joint liability claims, but may extend to defendants who are "similarly situated."  Id.  Courts must consider whether it would be "incongruous and unfair" to allow a plaintiff to prevail against the defaulting defendant on a legal theory that may be ultimately rejected with regard to the answering defendant in the same action.  Id.; see also Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) ("Frow's applicability turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform.").  This rule prevents an "incongruous and illegal" result of a plaintiff receiving one judgment on a claim against the defaulting defendant, but another judgment rejecting the same claim against the answering defendant.  Id. (citing Frow, 82 U.S. at 554).

Here, Defendant Auto X-Change and Defendant Lin's liability is predicated on Defendant Yokoyama's liability such that there is a risk of inconsistent judgments if default judgment is entered against Defendant Auto X-Change and Defendant

Lin while claims against Defendant Yokoyama remain pending. Specifically, Plaintiff's claims for replevin and conversion are asserted against all Defendants, including Defendant Yokoyama. As noted above, Defendant Yokoyama has Answered the First Amended Complaint and denied the allegations supporting these claims and asserted various affirmative defenses.  Further, Plaintiff's claims for replevin and conversion are based on the same central factual allegations of Defendant Yokoyama's alleged breach of contract related to the vehicle.  The Court finds that entering default judgment against Defendant Auto X-Change and Defendant Lin would open the door to the possibility of incongruous judgments.  For example, if Plaintiff fails to prevail against Defendant Yokoyama at trial, then Plaintiff would not be entitled to possession of the vehicle and as a result, there would be inconsistent judgments.  Because the Defendants are similarly situated in this action, default judgment cannot be entered against Defendant Auto-X-Change and Defendant Lin while the same claims and a breach of contract claim against Defendant Yokoyama regarding the same vehicle remain.  The possibility of incongruous results is a just reason for delay in entering default judgment against Defendant Auto X-Change and Defendant Lin until after the claims against Defendant Yokoyama have been adjudicated.  Accordingly, the Court FINDS and RECOMMENDS that the district court DENY WITHOUT PREJUDICE Plaintiff's Motion.

CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff Ferrari Financial Service, Inc.'s Motion for Default Judgment Against Defendants Sen Ming Lin a.k.a. Sam Lin and Auto X-Change, Inc. be DENIED WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 6, 2018.



_____
Richard L. Puglisi
United States Magistrate Judge

**FERRARI FINANCIAL SERVICES, INC. v. YOKOYAMA, ET AL.; CIVIL NO. 18-00136 JAO-RLP; FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF FERRARI FINANCIAL SERVICES, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS SEN MING LIN a.k.a. SAM LIN AND AUTO X-CHANGE, INC.**