IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FERRARI FINANCIAL SERVICES, INC., | ) CIVIL NO. 18-00136 JAO-RLP<br>)<br>) FINDINGS AND RECOMMENDATION TO |
| Plaintiff, | ) GRANT IN PART AND DENY IN PART<br>) PLAINTIFF FERRARI FINANCIAL |
| vs. | ) SERVICES, INC.'S MOTION FOR<br>) DEFAULT JUDGMENT AGAINST |
| JASON YOKOYAMA; SEN MING LIN a.k.a. SAM LIN; AUTO X-CHANGE, INC., ET AL., | ) DEFENDANTS SEN MING LIN a.k.a.<br>) SAM LIN AND AUTO X-CHANGE, INC.<br>) |
| Defendants. | )<br>) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART PLAINTIFF FERRARI FINANCIAL SERVICES, INC.'S
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS SEN
MING LIN a.k.a. SAM LIN AND AUTO X-CHANGE, INC.[1]

Before the Court is Plaintiff Ferrari Financial Service, Inc.'s Motion for Default Judgment Against Defendants Sen Ming Lin a.k.a. Sam Lin and Auto X-Change, Inc., filed February 11, 2019. ECF No. 44. The Court found the Motion suitable for disposition without a hearing pursuant to Local Rule 7.2(d). ECF No. 45. After careful consideration of the Motion and the record in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

BACKGROUND

Plaintiff filed this action against Defendants alleging various causes of action related to the purchase and financing of a 2014 Lamborghini Gallardo in 2015 by Defendant Jason Yokoyama. ECF No. 11. In the First Amended Complaint, Plaintiff alleges that it entered into a contract in the amount of $168,417.78 with Defendant Yokoyama to finance the vehicle purchase (the "Contract"). Id. ¶¶ 10, 15. Plaintiff alleges Defendant Yokoyama granted Plaintiff a security interest in the vehicle to secure repayment. Id. ¶ 12. Plaintiff alleges that if Defendant Yokoyama fails to make payments under the Contract, the Contract allows Plaintiff to take possession of and to sell the vehicle. Id. ¶ 14. Plaintiff alleges that Defendant Yokoyama is in default under the Contract because he failed to make payments after January 2018. Id. ¶ 16.

Plaintiff alleges that Defendant Yokoyama transferred possession of the vehicle to Defendant Auto X-Change, Inc. and/or Defendant Sen Ming Lin pursuant to an agreement. Id. ¶ 21. Plaintiff alleges that Defendant Auto X-Change and/or Defendant Lin and/or Defendant Yokoyama remain in possession of the vehicle. Id. ¶¶ 22, 27, 38. Plaintiff alleges that it has demanded that Defendant Yokoyama, Defendant Auto X-Change, and Defendant Lin deliver possession of the vehicle to Plaintiff, but Defendants have refused. Id. 36-37, 39-40.

Plaintiff asserts claims for breach of contract and

money lent against only Defendant Yokoyama.  Id. ¶¶ 10-19, 43-46. Plaintiff asserts claims for replevin and conversion against all Defendants.  Id. ¶¶ 20-42.

Defendant Yokoyama filed his Answer to the First Amended Complaint on May 30, 2018.  ECF No. 16.  In his Answer, he denied the allegations related to all of the claims asserted against him, including the claims for replevin and conversion. See ECF No. 16 ¶¶ 1, 4, 6-9.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against Defendant Auto X-Change and Defendant Lin on June 27, 2018, and July 13, 2018.  ECF No. 19, 22.

On August 3, 2018, Plaintiff filed its first motion seeking default judgment against Defendant Auto X-Change and Defendant Lin.  ECF No. 26.  The Court denied Plaintiff's first motion for default judgment without prejudice reasoning that default judgment cannot be entered against Defendant Auto-X-Change and Defendant Lin while the same claims and a breach of contract claim against Defendant Yokoyama regarding the same vehicle remained pending.  See ECF Nos. 35, 36.

Based on Plaintiff's filings, Plaintiff repossessed the Vehicle on August 13, 2018.  ECF No. 44-1 at 13.  Thereafter, Plaintiff and Defendant Yokoyama entered into a Stipulated Judgment against Defendant Yokoyama in the amount of $149,914.76, plus post-judgment interest, which was approved by the Court on September 26, 2018.  ECF No. 37.

3

In the present Motion, Plaintiff asks the Court to grant default judgment in favor of Plaintiff against Defendant Auto X-Change and Defendant Lin and to enter judgment awarding Plaintiff $7,397.01 in damages, $11,584.20 in attorneys' fees, $257.81 in costs, and prejudgment interest.  ECF No. 44-1.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

    (1)  the possibility of prejudice to the plaintiff;

    (2)  the merits of plaintiff's substantive claim;

    (3)  the sufficiency of the complaint;

    (4)  the sum of money at stake in the action;

>    (5)   the possibility of a dispute concerning material facts;
>
>    (6)   whether the default was due to excusable neglect; and
>
>    (7)   the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

    **A.   Jurisdiction**

The Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default

judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

First, the Court has diversity jurisdiction because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a)(1).  Plaintiff is a Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey.  ECF No. 9 ¶ 1.  Defendant Yokoyama and Defendant Lin are residents of Hawaii.  Id. ¶ 2-3.  Defendant Auto X-Change is a Hawaii corporation with its principal place of business in Hawaii.  Id. ¶ 4.  Second, the Court has personal jurisdiction over Defendant because it was served through its registered agent on October 9, 2017.  ECF Nos. 14, 20; Fed. R. Civ. P. 4(e), (h)(1)(B).  The Court finds that it has both subject matter and personal jurisdiction.

### B.   **Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

#### 1.   **The Possibility of Prejudice to Plaintiff**

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D.

Cal. 2002). Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery against Defendant Lin and Defendant Auto X-Change. Accordingly, the first <u>Eitel</u> factor favors default judgment.

### 2. Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. <u>See</u> <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>, 285 F.3d at 906. Here, Plaintiff seeks default judgment against Defendant Lin and Defendant Auto X-Change for its claims of conversion and replevin. <u>See</u> ECF No. 44-1 at 17-20.

To state a claim for conversion under Hawaii law, Plaintiff must allege lawful ownership or right to possession of property, the wrongful taking of that property, and damages. <u>See</u> <u>Matsuda v. Wada</u>, 101 F. Supp. 2d 1315, 1321 (D. Haw. 1999) (citing <u>Tsuru v. Bayer</u>, 25 Haw. 693, 1920 WL 830, *2 (1920)). Further, "conversion may be proven by demand and refusal." <u>Id.</u> Here, Plaintiff alleges that because Defendant Yokoyama failed to make payments under the Contract, Plaintiff was entitled to take possession of the vehicle. ECF No. 9 ¶¶ 14, 19. Plaintiff alleges that Defendant Yokoyama wrongfully transferred possession of the vehicle to Defendant Auto X-Change and Defendant Lin pursuant to an agreement. <u>Id.</u> ¶¶ 21, 38. Plaintiff alleges that it demanded that Defendant Auto X-Change and Defendant Lin

7

deliver possession of the vehicle to Plaintiff, but Defendants refused. Id. ¶¶ 36-37, 39-40. The Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against Defendant Auto X-Change and Defendant Lin on its claims for conversion.

To state a claim for replevin under Hawaii law, Plaintiff must allege that it "is entitled to immediate and exclusive possession of the property claimed." Chong v. Young, 39 Haw. 527, 529 (1952); see also De-Occupy Honolulu v. City & Cty. of Honolulu, No. CIV. 12-00668 JMS, 2013 WL 2284942, at *6 (D. Haw. May 21, 2013). Here, Plaintiff alleges that it was entitled to the immediate possession of the vehicle because of Defendant Yokoyama's breach of the Contract. ECF No. 9 ¶ 10. The Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against Defendant Auto X-Change and Defendant Lin on its claims for replevin.

This factor weighs in favor of default judgment because the allegations in the First Amended Complaint, taken as true, are sufficient to establish Plaintiff's claims for conversion and replevin.

### 3. Sufficiency of the Complaint

The allegations in the First Amended Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the complaint

8

weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiff seeks damages of $7,397.01, $11,584.20 in attorneys' fees, $257.81 in costs, and prejudgment interest. ECF No. 44-1 at 29-36. Plaintiff's request for damages is tied to Defendants' specific wrongful conduct in this action. The Court finds that this factor weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. See Fair Hous. of Marin, 285 F.3d at 906; TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant Auto X-Change and Defendant Lin have been given a fair opportunity to defend this action and have not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations, this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant Auto X-Change's and Defendant Lin's default was not the result of excusable neglect. Defendant Auto X-Change and Defendant Lin failed to defend this action and default was entered against them. See ECF Nos. 19,

22.  The record suggests that the default was not the result of any excusable neglect, but rather due to Defendant Auto X-Change's and Defendant Lin's conscious and willful decision not to defend this action.  Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant Auto X-Change's and Defendant Lin's default makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendant Auto X-Change and Defendant Lin failed to defend this action and consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendant Auto X-Change and Defendant Lin.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendant Auto X-Change and Defendant Lin.

### C. Remedies

Although Defendant Auto X-Change's and Defendant Lin's

default establishes liability, it does not establish the amount of damages or other relief to which Plaintiff is entitled. See Fair Hous. of Marin, 285 F.3d at 906. "In determining damages, the court can rely on the declarations submitted by the plaintiff." Philip Morris, 219 F.R.D. at 498. Plaintiff must provide evidence of its damages, and the damages "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiff requests that the Court award damages, attorneys' fees, costs, and prejudgment interest. See ECF No. 44-1 at 29-36.

### 1. Damages

Plaintiff seeks $7,397.01 in "loss of use" damages based on the monthly payments from Defendant Yokoyama that Plaintiff was deprived as a result of Defendant Auto X-Change's and Defendant Lin's wrongful taking of the vehicle from May 15, 2018 to August 13, 2018. ECF No. 44-1 at 29. As noted above, a Stipulated Judgment was entered in Plaintiff's favor and against Defendant Yokoyama in the amount of $149,914.76, on September 26, 2018. ECF No. 37. The parties' Stipulated Judgment Agreement provides that this amount of judgment "includes the payoff amount of $132,146.62 due under the Contract, repossession fees in the amount of $670.00, and attorneys' fees and costs in the amount of $17,098.14, plus post-judgment interest at the rate of 5,99% per annum (or $21.09 per diem) from August 14, 2018, the date the Vehicle was repossessed." ECF No. 44-8 at 1-2. Based on the

Court's review of the information provided, Plaintiff's claimed loss of use damages would result in double recovery because Plaintiff has already obtained judgment against Defendant Yokoyama for the full amount due under the Contract for the vehicle.  "A plaintiff may not receive a double recovery for the same injuries or losses arising from the same conduct or wrong. Thus, a double or duplicative recovery for a single injury is invalid."  Ace Quality Farm Prod., LLC v. Hanh, 362 P.3d 806 (Haw. Ct. App. 2015); see also Rasmussen v. Dublin Rarities, No. C 14-1534 PJH, 2015 WL 1133189, at *17 (N.D. Cal. Feb. 27, 2015) ("Plaintiff may not recover more in actual damages than the actual value of the property lost because the myriad claims simply represent different theories that arise from the same harm . . . and would give rise to impermissible double recovery."). Because Plaintiff has already obtained judgment against Defendant Yokokyama for the full amount due under the Contract, the Court finds that Plaintiff is not entitled to "loss of use" damages against Defendant Lin and Defendant Auto X-Change based on monthly payments from Defendant Yokoyama due under the Contract.

      **2.    Attorneys' Fees and Costs**

Plaintiff seeks an award of $11,584.20 in attorneys' fees and $257.81 in costs.  ECF No. 44-1 at 30.

First, regarding attorneys' fees, federal courts sitting in diversity jurisdiction, such as this one, apply state law to determine whether attorneys' fees can be awarded.  Kona

Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  Hawaii law provides that "a prevailing party generally may not recover attorneys' fees and costs for an action brought under common law tort theories." Krog v. Koahou, 324 P.3d 996 (Haw. 2014).  Plaintiff's suit alleges the tort claims of conversion and replevin, and Plaintiff has not identified any authority that allows recovery of attorneys' fees based on these claims.  See ECF No. 44-1.  Instead, Plaintiff argues that the Court can award fees as "damages resulting from the detention of the property" under Hawaii Revised Statutes Section 654-7, which is Hawaii's replevin statute.  Although compensatory damages are contemplated by Section 654-7, Plaintiff does not provide any authority to support its assertion that such damages can include an award of attorneys' fees.  Without such authority, the Court finds that Plaintiff is not entitled to an award of fees under Hawaii law based on its claims for conversion and replevin. Further, the Court is concerned that Plaintiff may be seeking double recovery because the Stipulated Judgment amount against Defendant Yokoyama included attorneys' fees and costs in the amount of $17,098.14, and Plaintiff does not provide any information regarding whether the fees awarded against Defendant Yakoyama include any of the same fees requested against Defendant Lin and Defendant Auto X-Change.  Accordingly, the Court FINDS that Plaintiff is not entitled to an award of attorneys' fees in this case.

Second, regarding costs, Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.2(a) of the United States District Court for the District of Hawaii provide that the prevailing party in whose favor judgment is entered is entitled to costs.  See Fed. R. Civ. P. 54(d)(1); LR 54.2(a).  The costs that the court is authorized to tax under Rule 54(d)(1) are enumerated at 28 U.S.C. § 1920:

> 1. Fees of the clerk and marshal;
>
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> 3. Fees and disbursements for printing and witnesses;
>
> 4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> 5. Docket fees under section 1923 of this title;
>
> 6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, Plaintiff seeks an award of $257.81 in costs. ECF No. 44-10 at 6.  The Court finds that the $22.00 in costs to obtain certified copies of the First Amended Complaint from the Clerk and the $214.87 in costs requested for service on Defendant Auto X-Change and Defendant Lin are recoverable under Section 1920.  Plaintiff also requests $0.20 per page for 100 pages for

14

copies of the First Amended Complaint with exhibits.  ECF No. 44-10 at 6.  The First Amended Complaint with Exhibits is 18 pages.  See ECF Nos. 9, 11.  Further, Local Rule 54.2(f)(4) provides that copies are taxed at $0.15 per page.  Accordingly, the Court finds that Plaintiff is entitled to recover $5.40 in copying costs for two copies of the First Amended Complaint with Exhibits (18 pages x 2 Defendants x $0.15 per page).  In total, the Court finds that Plaintiff is entitled to an award of costs in the amount of $242.27.

### 3. Prejudgment Interest.

Because the Court finds that Plaintiff has not shown that it is entitled to loss of use damages or attorneys' fees, the Court finds that Plaintiff is not entitled to prejudgment interest.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff Ferrari Financial Service, Inc.'s Motion for Default Judgment Against Defendants Sen Ming Lin a.k.a. Sam Lin and Auto X-Change, Inc. be GRANTED IN PART AND DENIED IN PART as follows:

1.  Default judgment be entered in favor of Plaintiff and against Defendants Sen Ming Lin a.k.a. Sam Lin and Auto X-Change, Inc. on Plaintiff's claims for replevin and conversion.

2.  Plaintiff's request for loss of use damages, attorneys' fees and prejudgment interest be DENIED.

3. Plaintiff be AWARDED $242.27 in costs against Defendants Sen Ming Lin a.k.a. Sam Lin and Auto X-Change, Inc.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 18, 2019.



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**FERRARI FINANCIAL SERVICES, INC. v. YOKOYAMA, ET AL.; CIVIL NO. 18-00136 JAO-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF FERRARI FINANCIAL SERVICES, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS SEN MING LIN a.k.a. SAM LIN AND AUTO X-CHANGE, INC.**